UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

Shane Tolman,

   Plaintiff,

v.

RGS Financial, Inc.; and DOES 1-10, inclusive,

   Defendants.

Civil Action No.: _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiff, Shane Tolman, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3. The Plaintiff, Shane Tolman ("Plaintiff"), is an adult individual residing in Appleton, Wisconsin, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant RGS Financial, Inc. ("RGS"), is a Texas business entity with an address of 1700 Jay Ell Drive, Suite 2003, Richardson, Texas 75081-6788, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by RGS and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. RGS at all times acted by and through one or more of the Agents.

**FACTS**

7. Within the last year, RGS began placing calls to Plaintiff's cellular telephone, number 920-xxx-2356, in an attempt to reach a person other than Plaintiff.

8. RGS placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

9. When Plaintiff answered the calls from RGS, he was met with a period of silence and there was no live agent available to whom Plaintiff could speak.

10. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

11. Plaintiff has no prior business relationship with RGS and never requested to RGS by an agreement or otherwise that he be contacted.

12. Plaintiff never provided his cellular telephone number to RGS and never provided his consent to RGS to be contacted on his cellular telephone.

13. The telephone number called by RGS was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. The calls from RGS to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

2

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Without prior consent, Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18. Defendants' telephone systems have all the earmarks of a Predictive Dialer.

19. When Plaintiff answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call.

20. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 1, 2016

    Respectfully submitted,

    By /s/ Amy L. Cueller

    Amy L. Cueller, Esq. #15052-49
    LEMBERG LAW, L.L.C.
    43 Danbury Road
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
    E-Mail: acueller@lemberglaw.com
    Attorneys for Plaintiff